# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2021

Lyle W. Cayce
Clerk

No. 21-50597

Jennifer Virden,

*Plaintiff—Appellant*,

*versus*

City of Austin, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-271

Before Stewart, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

Jennifer Virden appeals the denial of her request for a preliminary injunction enjoining enforcement of an Austin, Texas ordinance. The ordinance at issue prevents candidates running for city office from soliciting or receiving campaign contributions until one year before an election.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50597

Concluding that Virden has failed to establish irreparable harm, we AFFIRM.

## I.    Background

Virden is an Austin resident who recently became involved in Austin politics. She unsuccessfully ran for city council in November 2020 and is currently running for mayor in the November 2022 election. A city ordinance provides that a candidate may only raise funds for an election during the authorized campaign period, which begins "the 365th day before the date of the general election." Austin, Tex., Code of Ordinances ch. 2-2, art. 1, §§ 2-2-7(B), (G) (2017). Accordingly, Virden is barred from soliciting or receiving campaign contributions until November 8, 2021.

Alleging that the relevant provisions of § 2-2-7 violate her First Amendment free speech rights, Virden challenged the ordinance in district court and sought a preliminary injunction enjoining its enforcement. Concluding that Virden failed to show irreparable harm, the district court denied Virden's motion. Virden timely appealed.

## II.    Jurisdiction & Standard of Review

A threshold issue in this case is whether Virden has standing to pursue her claim against the City. We have "jurisdiction to determine [our] own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002), and review questions of standing de novo, *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006). If Virden has standing, the district court had jurisdiction over Virden's claims pursuant to 28 U.S.C. §§ 1331 and 1343, and we have appellate jurisdiction over the district court's order under 28 U.S.C. § 1292(a)(1).

We review the denial of a preliminary injunction for abuse of discretion. *Robinson v. Hunt Cnty.*, 921 F.3d 440, 451 (5th Cir. 2019). The

district court's factual determinations are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.*

## III.    Discussion

### A. Standing

The City argues that Virden lacks standing because she does not have a legally protected interest in receiving campaign funds.  We disagree.  To establish standing, Virden must demonstrate that she has suffered "injury-in-fact"—a "concrete and particularized" "invasion of a legally protected interest"—that is "fairly traceable" to the challenged conduct and redressable by a favorable judicial ruling.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, brackets, and citation omitted).  Virden has alleged facts demonstrating that she has suffered an economic injury—a loss of funding—that is fairly traceable to the challenged ordinance and redressable by a favorable decision and is specific to her, not generalized as to all voters.[1]  Accordingly, Virden has standing to pursue her claim against the City.

### B. Irreparable Harm

To receive preliminary injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res.*

---

[1] Whether Virden has a constitutionally protected right to receive campaign contributions is relevant to the merits of her First Amendment claim, not to whether she has suffered an injury-in-fact necessary to establish standing.  *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("When considering whether a plaintiff has Article III standing, a federal court must assume *arguendo* the merits of his or her legal claim." (quotation and brackets omitted)).

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the district court denied Virden's preliminary injunction request, concluding that Virden failed to establish irreparable harm in part because the temporal restriction at issue did not burden her "core First Amendment right" to free speech. We agree.

Supreme Court precedent regarding First Amendment campaign finance distinguishes between the First Amendment rights of a contributor and those of a candidate. *See, e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 24, 44–45 (1976) (per curiam). A contributor has a constitutionally protected right of association, typically expressed by donating money to candidates or political action committees ("PACs").[2] *See id.* at 24–25. A candidate, on the other hand, has a constitutionally protected right of political expression, typically exercised by spending money on political communications. *See id.* at 19–20. In other words, Virden's constitutionally protected interest is in *spending* money—not *receiving* it.

The temporal restriction at issue does not prevent Virden from spending her own money to disseminate speech, nor does it prevent her from speaking.[3] Virden, however, seeks money to speak "more robustly." But the First Amendment does not provide her that right. *Cf. Regan v. Tax'n With Representation of Wash.*, 461 U.S. 540, 550 (1983) ("Although [the plaintiff] does not have as much money as it wants, and thus cannot exercise

---

[2] Virden urges that she has associational rights to receive campaign contributions because "[j]ust as a contributor associates with a candidate by making the contribution, the candidate is associating with the contributor by receiving it." But Virden cites no case law supporting this assertion.

[3] Relying on *Texans for Free Enterprise v. Texas Ethics Commission*, 732 F.3d 535, 539 (5th Cir. 2013), Virden asserts that the ordinance indirectly burdens her speech because "[b]anning acceptance of contributions burdens and prevents the speech that [she] desires." But her reliance on *Texans for Free Enterprise* is inapposite. The party challenging the regulation in that case was a PAC (i.e., a contributor), not a candidate.

its freedom of speech as much as it would like, the Constitution does not confer an entitlement to such funds as may be necessary to realize all the advantages of that freedom." (quotation omitted)).

In sum, because Virden is not a *contributor* challenging the City's temporal ban on contributions, and because Virden cannot point to any precedent otherwise establishing that she has a First Amendment right to receive money as a candidate, we conclude that Virden has failed to establish that she is likely to suffer irreparable harm absent a preliminary injunction.[4] Thus, the district court did not abuse its discretion in denying Virden's request for a preliminary injunction.

AFFIRMED.

---

[4] Because we conclude that Virden has failed to establish irreparable harm, we do not discuss the three other preliminary injunction factors.